UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| CHRISTOPHER-MICHAEL WILLIAMS, | : | Case No. 1:23-cv-167 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| PAVAN PARIKH, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Chillicothe Correctional Institution, in Chillicothe, Ohio, brings this *pro se* action against defendants Hamilton County, Ohio Clerk of Courts Pavan Parikh and "All Clerk Staff of the Hamilton County Court" for alleged violations of the United States Constitution[1] and Ohio state law in connection with plaintiff's initiation of a lawsuit in the Hamilton County Court of Common Pleas. (Doc. 3). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2).

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). This matter is also before the Court on

---

[1]The Court understands plaintiff's constitutional claims to be brought under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).

plaintiff's motion to correct summons and obtain a control number. (Doc. 4).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that he made two attempts—in September 2022 and January 2023—to file an action against Ohio Job and Family Services in the Hamilton County Court of Common Pleas. According to plaintiff, Clerk Parikh or staff under his supervision lost or otherwise failed to file the action.

Based on the above allegations, plaintiff asserts that defendants violated his constitutional rights of access to the courts and due process, as well as Ohio state law. He seeks damages in the amount of $1,000,000 and injunctive relief in the form of an order

directing defendants to file his lawsuit. (Doc. 3, at PageID 47-49).

For the following reasons, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

As an initial matter, the undersigned understands defendant "All Clerk Staff of the Hamilton County Court" to mean the Hamilton County Clerk of Courts' Office. This defendant is not suable under § 1983. *Cf. Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which may be sued under § 1983). An action brought against a municipal department should be construed as brought against the governmental entity. *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989); *Matthews*, 35 F.3d at 1049. As such, the claims against the Hamilton County Clerk of Courts' Office will be construed as against Hamilton County.[2]

To assert a plausible claim against Hamilton County, plaintiff must show that the alleged failure to file his lawsuit was caused by a Hamilton County policy or custom. *See Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978). Plaintiff makes no allegations in his complaint that the alleged failure to file his lawsuit was caused by a county policy or custom. Nor has he alleged that the county had a widespread practice of not filing *pro se* plaintiffs' submissions. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff's claims against Hamilton County are thus subject to dismissal. *See Koren v. Neil*, No. 1:21-cv-9, 2022 WL 974340, at *10 (S.D. Ohio Mar. 31, 2022) ("[A]llegations 'assum[ing] that [unlawful

---

[2]Notably, claims against Clerk Parikh in his official capacity and the Hamilton County Clerk of Courts' Office are reviewed under the same analysis. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.") (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). *See also Lambert v. Hartman,* 517 F.3d 433, 439–40 (6th Cir. 2008) (stating that civil-rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer).

behavior] must be the result of [an entity's] failure to train or [its] policies or procedures' are plainly insufficient.") (quoting *Rowland v. City of Memphis, Tenn.*, No. 2:13-cv-02040, 2013 WL 2147457, at *5 (W.D. Tenn. May 15, 2013)) (alterations in original).

Next, to the extent that plaintiff is suing Clerk Parikh in an individual capacity, such claims are also subject to dismissal. "Respondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F .3d 460, 470 (6th Cir. 2006). Rather, liability under § 1983 must be predicated upon some showing of direct, active participation in the alleged misconduct. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff does not allege that Parikh was personally involved in the alleged failure to file his lawsuit. Any claims against Parikh in his individual capacity are therefore subject to dismissal. *See, e.g.*, *Johnson v. Armstrong*, No. 04-3023-M1/P, 2005 WL 2210074, at *3 (W.D. Tenn. Sept. 12, 2005) (dismissing claim where the "[p]laintiff d[id] not allege that [the court clerk] was personally responsible for the delay in filing his complaint or that [the court clerk] was even aware that the complaint had been received but not filed.").

Moreover, Clerk Parikh would be entitled to absolute quasi-judicial immunity from plaintiff's claims.[3] "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). As our sister court has explained:

> The processing of court papers is, in general, a quasi-judicial function. *See Wojnicz v. Davis,* 80 F. App'x 382, 383–84 (6th Cir. 2003), *cert. denied,* 540 U.S. 1152, 124 S.Ct. 1151, 157 L.Ed.2d 1046 (2004) (ruling that the Clerk of the Michigan

---

[3]Absolute quasi-judicial immunity would also extend to other individual staff members of the Hamilton County Clerk of Courts' Office charged with filing pleadings. *Johnson*, 2005 WL 2210074, at *3 ("The receipt and filing of a complaint is a quasi-judicial act.").

5

> Supreme Court was entitled to quasi-judicial immunity for act of rejecting a habeas petition that did not meet certain court rules); *Lyle v. Jackson,* 49 F. App'x 492, 494 (6th Cir. 2002) (court clerks entitled to quasi-judicial immunity for alleged failure to provide plaintiff with copies of previous filings and transcripts); *Harris v. Suter,* 3 F. App'x 365, 366 (6th Cir. 2001) (Supreme Court Clerk who refused to file writ of certiorari that failed to comply with court rules entitled to quasi-judicial immunity).

*Anthony v. Sabaugh*, No. 13-cv-12264, 2013 WL 4747344, at *1 (E.D. Mich. Sept. 4, 2013) (extending absolute quasi-judicial immunity to court clerk). *See also Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (extending absolute quasi-judicial immunity to court clerk and explaining, "[w]hether an act is judicial in character does not depend on whether it is discretionary."); *Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (same). Because any alleged mishandling of plaintiff's submissions to the court clerk was quasi-judicial in nature, defendant Parikh is entitled to absolute immunity from plaintiff's claims.

Finally, having found that the Court should dismiss plaintiff's federal claims, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state-law claims and dismiss such claims without prejudice. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, the Court should **DISMISS with prejudice** plaintiff's federal claims for failure to state a claim upon which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and should **DECLINE** to exercise supplemental jurisdiction over plaintiff's state-law claims and **DISMISS** such claims **without prejudice,** 28 U.S.C. § 1367(c)(3). In light of the above recommendations, it is further **RECOMMENDED** that the Court **DENY as moot** plaintiff's pending motion to correct summons and obtain a control number (Doc. 4).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's federal claims against defendants be **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over plaintiff's state-law claims and **DISMISS** such claims **without prejudice**.

3. The Court **DENY as moot** plaintiff's pending motion to correct summons and obtain a control number (Doc. 4).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

July 7, 2023

*Karen L. Litkovitz*
KAREN L. LITKOVITZ
United States Magistrate Judge